MHN

RECEIVED
APR 10 2008 aew
4-10-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.

PEDRO ALAMILLO, B-50088
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

NEDRA CHANDLER, WARDEN
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

08CV2056
JUDGE KENDALL
MAG. JUDGE MASON

Case Number of State Court Conviction:

00  CR  26406

PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: COOK COUNTY

2. Date of judgment of conviction: AUGUST 13, 2001

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
(1) COUNT ATTEMPT MURDER/ (1) COUNT AGGRAVATED POSSSESSION OF STOLEN MOTOR VEHICLE

4. Sentence(s) imposed: CONCURRENT PRISON SENTENCES OF 22 Yrs./ 6 yrs.

5. What was your plea? (Check one)
   (A) Not guilty        ( )
   (B) Guilty            (XX) Bench trial guilty
   (C) Nolo contendere   ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   _____

Revised: 7/20/05

PART I-- TRIAL AND DIRECT REVIEW:

1. Kind of trial: (check one):    Jury   ( )       Judge only    (XX)

2. Did you testify at trial ?    Yes   (XX )    No           ( )

3. Did you appeal from the conviction or the sentence imposed ?   Yes (XX)  No (  )

   (A) If you appealed, give the

       (1) Name of the court:   FIRST DISTRICT APPELLATE COURT
       (2) Result:              RULES 23   ORDER
       (3) Date of ruling:      MARCH 31, 2003
       (4) Issue raised:        That his conviction for the attempt first- degree murder of Officer Frenzel was inconsistent with his acquittal on the charge of the attempt first- degree murder of Officer Hansen; and (2) that the trial court erred in sentencing him to an enhanced sentence for the attempt murder of a Peace Officer because 720 ILCS 5/9-1 (b)(1) (West 2000) refers to a "murdered individual", and Officer Frenzel was not killed.

   (B) If you did not appeal, explain briefly why not:
   _____
   _____

4. Did you appeal, or seek leave to appeal, to highest state court ?   Yes (XX)  No (  )

   (A) If yes, give the
       (1) Result: DENIED
       (2) Date of ruling: OCTOBER 6, 2003
       (3) Issue raised:   That his convictin for the attempt first- degree murder of officer Frenzel was inconsistent with his acquittal on the charge of the attempt first-degree murder of Officer Hansen; and (2) that the trial court erred in sentencing him to anenhanced sentence for the attempt murder of a Peace Officer because 720 ILCS 5/9-1(b)(1) (West 2000) refers to a "murder individual", and Officer Frenzel was not killed.

   (B) If no, why not:
   _____
   _____

5. Did you petition the United State Supreme Court for a writ of certiorari ?
   Yes: (  )    No:   (XX)

   If yes, give  (A) date of petition:_____   (B) date of certiorari was denied: _____

2

PART II- COLLATERAL PROCEEDINGS:

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court ?     Yes (XX)    No ( )

   With respect to each post-conviction petiton give the following information:
   - (A) Name of court:  COOK COUNTY
   - (B) Date of filing: APRIL 9, 2004
   - (C) Issues Raised:  (1) His Counsel failed to subject the State's case to a meaningful adversarial test and failed to file a motion to suppress his statement to police. (2) COunsel failed to investigate his claim that his statement to police was involuntarily due to the medicaton he received after surgery (3) Counsel stated in his opening statement that Alamillo's statement to police- in which Alamillo allegedly admitted to trying to hit officer with the car- was correct, and then made the inconsistent arguement that the State failed to prove Alamillo had the intent to hit the officers with the car and(4) Counsel stipulated to Alamillo's written statement to police being entered into evidence and that Alamillo was not under the influence of any self-induced drugs at the time of the statement.

   - (D) Did you receive any evidentiary hearing on your petition ?  Yes ( )   No (XX)
   - (E) What was the courts ruling ?  N/A
   - (F) Date of court's ruling:      N/A
   - (G) Did you appeal from the ruling on your petition ?  Yes (XX)  No ( )
   - (H) (a)  If yes, (1) What was the result ?  DISMISSED
              (2) Date of decision:    FEBRUARY 6, 2006
         (b)  If no, explain briefly why not:  LEAVE TO APPEAL.

   - (I) Did you appeal, or seek leave to appeal this decision to the highest court ?
         Yes (XX)    No ( )
         (a) If yes, (1) What was the result ?   DENIED
                     (2) Date of decision:    SEPTEMBER 27, 2006
         (b) If no, explain briefly why not:

3

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (XX)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding         _____

        2. Date petition filed          _____

        3. Ruling on the petition       _____

        4. Date of ruling               _____

        5. If you appealed, what was the ruling on appeal?   _____

        6. Date of ruling on appeal     _____

        7. If there was a further appeal, what was the ruling?   _____

        8. Date of ruling on appeal     _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (XX)

    A. If yes, give name of court, case title and case number: _____

    _____

    B. Did the court rule on your petition? If so, state

        (1) Ruling:   _____

        (2) Date:    _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (XX)

If yes, explain: _____

_____

_____

_____

_____

_____

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one He was denied his SIXTH AMENDMENT RIGHT to effective assistance of trial Counsel. Supporting facts (tell your story briefly without citing cases or law):

(1) His trial counsel failed to subject the State's case to a meaningful adversarial test and failed to file a motion to suppress his statement to police.

(B) Ground two He was denied his SIXTHE AMENDMENT RIGHT to effective assistance of trial Counsel. Supporting facts:

(2) Counsel failed to investigate his claim that his statements to police was involuntary due to the medication he received after surgery.

(C) Ground three He was denied his SIXTH AMENDMENT RIGHT to effective assistance of trial Counsel. Supporting facts:

(3) Counsel stated in his opening statement that Alamillo's statement to police- in which Alamillo allegedly admitted to trying to hit the officer with the car- was correct, and then made the inconsistent arguement that the State failed to prove Alamillo had the intent to hit the officer with the car.

(D) Ground four He was denied his SIXTH AMENDMENT RIGHT to the effective assistance of Counsel. Supporting facts:

Counsel stipulated to Alamillo's written Statement to police being entered into evidence and that Alamillo was not under the influence of any self-induced drugs at the time of the statement.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (XX)　NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

6

Revised: 7/20/05

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __N/A__

(B) At arraignment and plea __N/A__

(C) At trial __DAVID PAUL WIENER__

(D) At sentencing __DAVID PAUL WIENER__

(E) On appeal __ANDREA MONSEES  (Assistant Public Defender)__

(F) In any post-conviction proceeding __MR. BRETT C. ZEEB__

(G) Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (xx)

Name and location of the court which imposed the sentence: __COOK COUNTY__

Date and length of sentence to be served in the future __N/A__

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __4-3-08__
(Date)

__N/A__
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

__Pedro Alanillo__
(Signature of petitioner)

__R-50088__
(I.D. Number)

__DIXON CORRECTIONAL CENTER, 2600 N. Brinton Ave.,__
(Address) __DIXON, ILLINOIS 61021__

State of ILLINOIS)
                 )
County of COOK   )

IN THE UNITED STATE DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS

AFFIDAVIT OF PEDRO ALAMILLO

I, PEDRO ALAMILLO, BEING FIRST DULY SWORN ON OATH, DEPOSES AND SAYS THE FOLLOWING:

1. On December 13, 2007, I had written my Attorney, Mr. Brett C. Zeeb inquiring about my decision in the Illinois Supreme Court.

2. On or about December 20, 2007, I received a response from my Attorney, Mr. Brett C. Zeeb, informing me that the Illinois Supreme Court had denied my petition on September 27, 2006

3. Mr. Brett C. Zeeb informed me that he had sent me a letter on October 2, 2006, with a copy of the Supreme COurt's Order denying Leave To Appeal which I never received.

4. On January 30, 2008, I had wrote my Institutional Counselor asking him to please check and see if any Legal Mail was sent to me in the moth of October. See Exhibit (A)

5. Soon after I received a incoming legal mail printout from my counselor at my request in order to corroborate statement #(3) of said affidavit. See exhibit (B)

6. I, Pedro Alamillo is aware that I have one year to file a Habeas Corpus Petition fromthe last and final ruling of the highest state court.

7. Said time frame wasn't due to my culpable neglegence of filing my Habeas Corpus Petition on time.

Date: 4-3-08                    /s/ Pedro Alamillo
                                PEDRO ALAMILLO B-50088
                                DIXCON CORRECTIONAL CENTER
                                2600 N. BRINTON AVE.
                                DIXON, ILLINOIS 61021

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

### AFFIDAVIT OF BRETT C. ZEEB

Brett C. Zeeb, being first duly sworn on oath, deposes and says the following:

1. I represented Pedro Alamillo in case number 1-01-4021, the appeal of the summary dismissal of Mr. Alamillo's *pro se* petition for post-conviction relief. On February 6, 2006, the appellate court affirmed the dismissal of Mr. Alamillo's petition in an unpublished order.

2. I filed a petition for rehearing on Mr. Alamillo's behalf, which the appellate court denied on May 1, 2006.

3. I timely filed a petition for leave to appeal to the Illinois Supreme Court on Mr. Alamillo's behalf. The Court denied leave to appeal on September 27, 2006.

4. On October 2, 2006, I sent a letter to Mr. Alamillo, along with a copy of the Supreme Court's order denying leave to appeal, explaining that his petition was denied and that our office was no longer representing him. I included an information packet explaining further options Mr. Alamillo had if he wanted to continue appealing his case.

5. On December 13, 2007, more than a year later, I received a letter from Mr. Alamillo asking me why it was taking so long for the Illinois Supreme Court to make a decision on his case. I immediately wrote back to Mr. Alamillo and explained that the Court denied his petition on September 27, 2006, and that I had sent him a letter to that effect in October 2006.

6. Mr. Alamillo wrote me another letter soon after, explaining that he never received the letter and order I sent to him in October 2006. It is my belief that Mr. Alamillo did not receive my October 2006 letter.

7. I would be contrary to justice to deny Mr. Alamillo the right to file a petition for *habeas corpus*, as he was not negligent in any way in the failure to timely file the petition.

Brett C. Zeeb
Asst. Appellate Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on March 7, 2008

NOTARY PUBLIC

Official Seal
Alicia M. Corona
Notary Public State of Illinois
My Commission Expires 05/21/08

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, _Pedro Alamillo_____, affiant, do hereby declare and affirm pursuant to 28 UC 1746, 18 USC 1621, or 735 ILCS 5/1-109, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the forgoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the forgoing matter is taken in good faith.

Signed on this __3rd__ day of __April__, 200_08_.

_Pedro Alamillo_
Affiant

**STATE OF ILLINOIS · DEPARTMENT OF CORRECTIONS**

EX. (A)

DC 7177
IL 426-0361

## RESIDENT REQUEST

| ASSIGNMENT | | | DATE |
|---|---|---|---|
| Pathways D.P. | | | 1·30·08 |

| RESIDENT | RESIDENT NUMBER | CELL HOUSE | GALLERY | CELL |
|---|---|---|---|---|
| Pedro Alamillo | B.50088 | 42 | — | 49 |

I request an interview with **Counselor Cameron** to discuss the following:

I'm requesting for you to please check if I signed for any (Legal Mail) during the month of (October 2006). This is urgent! Thank you!

RESIDENT SIGNATURE: Pedro Alamillo

Reason for interview must be complete and concise

EX. (B)

IL-426, 812B

INCOMING LEGAL MAIL

NAME  Alanillo

NUMBER  1350088

| Received From: | Date: | Received From: | Date | Received From: | Date |
|---|---|---|---|---|---|
| State Appellate Def. 203. 234/6 St. Chgo 72 | 10/15/01 1-3000 | | | | |



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

March 7, 2008

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

**BRETT C. ZEEB**
ASSISTANT APPELLATE DEFENDER

Mr. Pedro Alamillo
Register No. B-50088
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, IL 61021

Dear Mr. Alamillo:

I hope this letter finds you well. Enclosed please find one original and three copies of my affidavit for you to include with your habeas petition. Unfortunately, our office no longer has the record in your case, so I do not have a copy of the certified disposition in your case. In a previous letter, I did send you a copy of the Illinois Supreme Court's Order denying you leave to appeal. That document is the last court action in your case.

Good luck to you with the petition. Please write to me if you have any questions.

Sincerely,

BRETT C. ZEEB
Assistant Appellate Defender

102620

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006

Mr. Brett C. Zeeb
Assistant Appellate Defender
203 N. LaSalle St., 24th Floor
Chicago, IL 60601

No. 102620 - People State of Illinois, respondent, v. Pedro Alamillo, petitioner. Leave to appeal, Appellate Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on November 2, 2006.

The Court also made the following announcement:

Burke, J., took no part.



RECEIVED
SEP 29 2006
DOCKETING DEPARTMENT
State Appellate Defender
1ST DISTRICT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

PEDRO ALAMILLO, B50088 )
Plaintiff, )
)
) Case No. _____
v. )
)
NEDRA CHANDLER, WARDEN )
~~Defendant~~       Respondent, )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the Circuit Court
219 South Dearborn 20 th FL.
CHICAGO, ILLINOIS 60604

TO: Attorney General
100 West Randolph St 12th Fl.
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on __APRIL 04__, 20__08__, I have placed the documents listed below in the institutional mail at __DIXON__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: __FEDERAL HABEAS CORPUS PETITION (1)Original (3)Copies enclosed,__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: __April 04, 2008__

/s/ _Pedro Alamillo_
NAME: Pedro Alamillo
IDOC#: B50088
__DIXON__ Correctional Center
P.O. BOX __2600 N. Brinton Ave.__
DIXON _____, IL __61021__

Revised Jan 2002