IN THE
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA EX. REL.

PEDRO ALAMILLO )
   Plaintiff, )
 ) Case No. 08 C 2056
v. ) The Honorable Virginia M. Kendall,
 ) Presiding Judge
 )
NEDRA CHANDLER, WARDEN )
   Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

TO: LISA MADIGAN, ATTORNEY GENERAL
100 West Randolph Street
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on August 11th, 2008, I have placed the documents listed below in the institutional mail at Dixon Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Respond To Motion To Dismiss Untimely Petition For Writ of Habeas Corpus.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: August 11th, 2008

/s/ Pedro Alamillo
NAME: PEDRO ALAMILLO
IDOC#: B50088

Dixon Correctional Center
2600 N. Brinton Ave,.
Dixon, IL 61021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
AUG 15 2008 YM
AuG 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
ex. rel.  PEDRO ALAMILLO, )
    PETITIONER, )
 )
 )
Vs. )   CASE NO. 08 C 2056
 )   The Honorable Virginia M Kendall,
 )   Judge Presiding
NEDRA CHANDLER, WARDEN )
    RESPONDENT, )

### RESPOND TO MOTION TO DISMISS UNTIMELY PETITION
### FOR WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. & 2244, Rule 4 of the Rules Section 2254 cases in the UNITED STATES DISTRICT COURTS, and COURT's ordering petitioner to answer said motion and allow petitioner to proceed under Equitable Tolling, states as follows:

1. Petitioner, **PEDRO ALAMILLO**, identified as prisoner number B50088 is incarcerated at the Dixon Correctional Center in Dixon, Il. He is in the custody of **NEDRA CHANDLER, WARDEN** of this facility.

2. Following a 2000 bench trial in the Circuit Court of Cook County, petitioner was convicted of one count of attempted Murder, and one count of aggravated possession of a stolen motor vehicle, and sentenced to concurrent prison terms of twenty-two years, and six years, respectively.

3. Petitioner appealed his convictions and sentence to the Appellate Court of Illinois, First Judicial District, which affirmed the Circuit Court on March 31, 2003. Petitioner subsequent petition for Leave To Appeal(PLA) in the Illinois Supreme Court was denied on October 6, 2003. Petitioner did not file a petition for Writ of Certiorari in the United States Supreme Court.

(1)

4. On April 9, 2004, Petitioner filed a petition for Post-Conviction relief in the Circuit Court of Cook County, pursuant to 725 ILCS 5/122-1 et. seq. The Court dismissed the petition as frivolous and patently without merit, pursuant to 725 ILCS 5/122-2.1 (a)(2), on July 8, 2004.

5. Petitioner appealed this judgement to the appellate Court of Illinois, First District, which affirmed on February 6, 2006. Petitioner filed a PLA in the Illinoisd Supreme Court on May 10, 2006.

### THE INSTANT PETITION

6. Petitioner placed the instant section 2254 petition in the prisoner's mail system on April 4, 2008.

7. Petitioner, recognizing that the petition is untimely, contends that he should be entitled to equitable tolling because he did not receive timely notice that the Illinois Supreme Court denied his PLA on post-conviction review. Attached to said petition are two (2) affidavits: from him and from his attorney who filed his PLA. Counsel Avers that he mailed notice of the Court's order to petitioner on October 2, 2006. Petitioner never reveived the notice or letter. Both parties agree that petitioner wrote to Counsel around December 13, 2007, asking about the status of his case, and that Counsel wrote back around December 20, 2007, informing petitioner that the ILLINOIS SUPREME COURT had denied the PLA on September 27, 2006. Petitioner is also attaching a Prison MailLog supporting his claim that he never received counsel's first letter.

8. The following exhibits, relevant to assessing equitable tolling: Exhibit (A): Attorney's Affidavit, Exhibit (B); Petitioner's Affidavit, Exhibit (C): Prisoner's (In-coming) Mail Log.

### ARGUMENT

Petitioner's section 2254 petition as untimely, asserting that the time for filing his petition should be tolled because he is not in controll of making sure that his legal mail get to him.

(2)

Equitable tolling excuses an umtimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time. TALIANI V. CHRANS, 189 F. 3d 597.

The initial question, novel in this Circuit, is whether the one-year dead-line in section 28 U.S.C.&2244(d)(i) is subject to equitable tolling-the judge made doctrine, well established in federal common law, that excuses a timely filing when the plaintiff counld not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. E.G., CHAPPLE V. NATIONAL STARCH&&CHEMICAL CO., 178 F. 3d 501, 506 (7th Cir. 1999); LUCKETT V. RENT-A-CENTER, Inc., 53 F 3d 871, 873 (7th Cir. 1995); BAXTER HEALTH CARE CORP., 920 F. 2d 446, 451 (7th Cir. 1990); SHEMPERT V. HARWICH CHEMICAL CORP., 151 F. 3d 793, 798 (8th Cir. 1998); NEW CASTLE COUNTY V. HALLIBURTON NUS CORP., 111 F. 3d 1116, 1126 (3d Cir. 1997).

The petitioner admit that his petition was filed late, but asserts that the delay in filing was caused by an external impediment-Dixon Correctional Center failure to provide him with his legal mail denying PLA in PEOPLE V. ALAMILLO, 857 N.E. 2d 674. Therefore, the statue of limitation should not begin to run until he, the petitioner received his order or information denying his (PLA).

Counsel wrote back to petitioner around December 20, 2007 informing him that the Illinois Supreme Court had denied his (PLA).

December 20, 2008 under equitable tolling should be petitioner's dead-line date for filing Habeas Corpus Petition.

(3)

28 U.S.C., 2244 (d)(2). Thus, the limitation period was tolled from April 9, 2004-when petitioner filed his state post-conviction petition-through September 27, 2006. When the Illinois Supreme Court denied his post-conviction P.L.A. ruling. A total of five months, plus four months from the date that petitioner discovered the information from his attorney denying PLA which gives a total of nine months tolled. For equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he "could not", despite the exercise of reasonable diligence have discovered all the information he needed in order to be able to file his claim on time.

Wherefore, the Petitioner, **PEDRO ALAMILLO**, prays that this Honorable Court grant petition relief in accordance to 28 U.S.C. & 2244, Rules 4 of the Rules Section Governing 2254 Cases in the **UNITED STATES DISTRICT COURTS.**

                                                */s/ Pedro Alamillo #B50088*
                                                PEDRO ALAMILLO, B50088
                                                Petitioner, Pro Se

Pedro Alamillo, B50088
DIXON CORRECTIONAL CENTER
2600 N. BRINTON AVENUE
DIXON ILLINOIS 61021

(4)


Exhibit (A.)

STATE OF ILLINOIS )
                       ) SS
COUNTY OF COOK )

### AFFIDAVIT OF BRETT C. ZEEB

Brett C. Zeeb, being first duly sworn on oath, deposes and says the following:

1. I represented Pedro Alamillo in case number 1-01-4021, the appeal of the summary dismissal of Mr. Alamillo's *pro se* petition for post-conviction relief. On February 6, 2006, the appellate court affirmed the dismissal of Mr. Alamillo's petition in an unpublished order.

2. I filed a petition for rehearing on Mr. Alamillo's behalf, which the appellate court denied on May 1, 2006.

3. I timely filed a petition for leave to appeal to the Illinois Supreme Court on Mr. Alamillo's behalf. The Court denied leave to appeal on September 27, 2006.

4. On October 2, 2006, I sent a letter to Mr. Alamillo, along with a copy of the Supreme Court's order denying leave to appeal, explaining that his petition was denied and that our office was no longer representing him. I included an information packet explaining further options Mr. Alamillo had if he wanted to continue appealing his case.

5. On December 13, 2007, more than a year later, I received a letter from Mr. Alamillo asking me why it was taking so long for the Illinois Supreme Court to make a decision on his case. I immediately wrote back to Mr. Alamillo and explained that the Court denied his petition on September 27, 2006, and that I had sent him a letter to that effect in October 2006.

6. Mr. Alamillo wrote me another letter soon after, explaining that he never received the letter and order I sent to him in October 2006. It is my belief that Mr. Alamillo did not receive my October 2006 letter.

7. I would be contrary to justice to deny Mr. Alamillo the right to file a petition for *habeas corpus*, as he was not negligent in any way in the failure to timely file the petition.

                                                _____
                                                Brett C. Zeeb
                                                Asst. Appellate Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on March 7, 2008 _____
NOTARY PUBLIC

```
Official Seal
Alicia M. Corona
Notary Public State of Illinois
My Commission Expires 05/21/08
```

.e of ILLINOIS )
            )
County of COOK )

IN THE UNITED STATE DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS

AFFIDAVIT OF PEDRO ALAMILLO

I, PEDRO ALAMILLO, BEING FIRST DULY SWORN ON OATH, DEPOSES AND SAYS THE FOLLOWING:

1. On December 13, 2007, I had written my Attorney, Mr. Brett C. Zeeb inquiring about my decision in the Illinois Supreme Court.

2. On or about December 20, 2007, I received a response from my Attorney, Mr. Brett C. Zeeb, informing me that the Illinois Supreme Court had denied my petition on September 27, 2006

3. Mr. Brett C. Zeeb informed me that he had sent me a letter on October 2, 2006, with a copy of the Supreme COurt's Order denying Leave To Appeal which I never received.

4. On January 30, 2008, I had wrote my Institutional Counselor asking him to please check and see if any Legal Mail was sent to me in the moth of October. See Exhibit (A)

5. Soon after I received a incoming legal mail printout from my counselor at my request in order to corroborate statement #(3) of said affidavit. See exhibit (B)

6. I, Pedro Alamillo is aware that I have one year to file a Habeas Corpus Petition from the last and final ruling of the highest state court.

7. Said time frame wasn't due to my culpable neglegence of filing my Habeas Corpus Petition on time.

Date: 4-3-08

/s/ Pedro Alamillo
PEDRO ALAMILLO B-50088
DIXCON CORRECTIONAL CENTER
2600 N. BRINTON AVE.
DIXON, ILLINOIS 61021

IL-426,812B

INCOMING LEGAL MAIL

EX. (6)

NAME  Alamillo

NUMBER  Y50088

| Received From: | Date: | Received From: | Date | Received From: | Date |
|---|---|---|---|---|---|
| State Appellate 203. 2 w 4/16 St. Chyo IL | 10/15/0. 1-5000 | | | | |